UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-151-MOC

| | |
|---|---|
| CASEY KENNETH SMITH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOJO KIJAKAZI, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A). (Doc. No. 20). Plaintiff seeks fees in the amount of $6,881.11. Defendant has filed a response, contending that the amount of fees sought is unreasonable, and Plaintiff has filed a Reply.

EAJA provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was substantially justified in its litigation position. 28 U.S.C. § 2412(d)(1)(A). To establish eligibility for an award under the act, the claimant must show that he is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. See Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

"Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the task of determining what fee is reasonable." Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002). EAJA provides for

1

an award of "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A). Thus, a fee should be based on a reasonable number of hours at a reasonable hourly rate. See Hyatt, 315 F.3d at 248. The party seeking fees under EAJA must submit evidence supporting the hours worked and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of establishing the reasonable time expended as well as a reasonable hourly rate. Hyatt, 315 F.3d at 253; Harlan v. Colvin, No. 3:12-cv-443-GCM-DCK, 2014 WL 1632931, at *2 (W.D.N.C. Apr. 23, 2014). Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. Miles v. Colvin, 2014 WL 1309293, *1 (E.D.N.C. July 24, 2014); Dixon v. Astrue, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008); Bunn v. Bowen, 637 F. Supp. 464, 469 (E.D.N.C. 1986).

Defendant opposes Plaintiff's motion, arguing that the request includes tasks that are non-compensable, some compensable tasks are billed together with non-compensable tasks, and because some hours billed are unreasonably high for the tasks involved. Although Defendant does not object to Plaintiff's hourly rates, Defendant contends that Plaintiff's number of 31.59 requested hours are excessive and warrant reduction. For the following reasons, the Court finds that some of the requested fees are unreasonable, and the Court will therefore reduce the fees.

Plaintiff billed 6.82 hours on June 17, 2021 and 7.25 hours on June 18, 2021, for a total of 14.07 hours for various tasks, including drafting a medical index. (Doc. No. 21-2). Neither the Local Rules nor this Court's scheduling order require a medical index to be filed with the summary judgment memorandum. Plaintiff's Memorandum in Support of Motion for Summary Judgement, however, included a 17-page index of the relevant medical evidence. (Doc. No. 16-

1). This index does not include any formal legal analysis and is simply a recitation of the medical records located in the certified administrative record.

This Court has repeatedly held that the preparation of a medical index is a non-compensable clerical task. See Mullis v. Kijakazi, No. 3:20-cv-00083-MR, 2021 WL 4391879, at *3 (W.D.N.C. Sept. 24, 2021) (finding that the preparation of the medical index is a "superfluous, 'clerical task, which is not compensable'") (quoting Thayer v. Saul, No. 3:19-cv-279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. July 22, 2020)); Marler v. Saul, No. 3:20-cv-35-KDB, 2021 WL 2652949, at *2 (W.D.N.C. June 28, 2021); Hooper v. Saul, No. 3:20-cv-74-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021). Additionally, this court noted in Mullis, that "the fact that the medical index is useful for completing legal work does not make the creation of the medical index a compensable task." Mullis, 2021 WL 4391879, at *3. A prevailing party may recover fees only for work that is traditionally done by an attorney. See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988). See also Gibby v. Astrue, 2012 WL 3155624, at *2 (W.D.N.C. Aug. 2, 2012) (purely clerical activities are not compensable under the EAJA and should be considered "overhead").

Moreover, as Defendant notes, in the entries discussed above, Plaintiff does not separate the time spent preparing the medical index (which is a clerical task), from the time spent drafting the brief and reviewing the file, which are compensable tasks. (Doc. 21-2). See Gibby, 2012 WL 3155624, at 6 ("[The] court may discount requested hours if attorney failed to keep meticulous time records disclosing how time was allotted to specific tasks") (citing Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998)). This court recently struck the requested hours when the medical index, which is a clerical task, was included in block billing entries, noting that

3

the Court was unable to determine how many of the hours were devoted to clerical tasks. See Marler, 2021 WL 2652919, at *2; Hooper, 2021 WL 2188240, at *2.

For the reasons stated by Defendant, the Court finds that the amount of fees sought is unreasonable to the extent that Plaintiff seeks to recover fees for 14.07 hours billed on June 16 through June 17, 2021, based in part preparing the medical index. Defendant asks the Court not to count these hours at all. Clearly, however, some of the time is compensable. Rather than discounting all of these requested hours, the Court will cut the hours roughly in half. Thus, the Court will order a reduced fee for work at the hourly rates requested by Plaintiff ranging between $208.96 and $218.12, for a total of $5,347 for work performed in September 2020 through June 2021.

**IT IS ORDERED** that the Plaintiff's Motion for Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A), (Doc. No. 20), is **GRANTED**, to the extent that the Court will award attorney fees in the amount of $5,347. Pursuant to Comm'r of Soc. Sec. v. Ratliff, 560 U.S. --, 130 S. Ct. 2521 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that Plaintiff does not owe a federal debt, the government will exercise its discretion and honor an assignment of EAJA fees and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Signed: December 7, 2021

Max O. Cogburn Jr
United States District Judge